UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LIGHT SOURCES, INC., AND TAN SYSTEMS, INC., <br><br>    Plaintiffs, <br><br>v. <br><br>COSMEDICO LIGHT, INC., <br><br>    Defendant. | MISC. DOCKET NO. 05 MC 0043 <br> JUDGE: JUDGE MATIA <br><br> PENDING IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT <br> 3:03-CV-874-MRK |
| COSMEDICO LIGHT, INC., <br>    Counterclaimant, <br><br>v. <br><br>TAN SYSTEMS, INC., and LIGHT SOURCES, INC., <br>    Counterdefendants. | <u>MEMORANDUM IN SUPPORT OF COSMEDICO LIGHT, INC.'S MOTION TO COMPEL WITNESS TO COMPLY WITH SUBPOENAS DUCES TECUM</u> |

I. **Summary of the Motion**

By this motion, Cosmedico Light, Inc. ("Cosmedico") respectfully requests that this Court enter an Order enforcing a subpoena issued in this District in support of a trademark infringement action pending in the United States District Court for the District of Connecticut. Cosmedico also asks the Court to enlarge the time permitted for the deposition from seven hours to ten hours in accordance with Fed. R. Civ. P. 30(d)(2).

CLE - 890721.1

A.   The Underlying Connecticut Trademark Infringement Action

This deposition subpoena enforcement motion arises out of a trademark infringement dispute pending in the United States District Court for the District of Connecticut. There, plaintiffs Light Sources, Inc ("LSI") and Tan Systems, Inc. ("Tan Systems") brought a declaratory judgment action against the movant here, Cosmedico, seeking to cancel a Cosmedico federal trademark registration and to avoid infringement liability under a second Cosmedico trademark. Cosmedico and LSI are competitors in the suntanning equipment industry. Tan Systems was a former customer of both Cosmedico and LSI, but has exited the industry during the pendency of this action.

The underlying action arose out of a decision by LSI and Tan Systems, in late 2001, to create and sell a knock-off version of Cosmedico's popular VHR and VLR brand suntanning lamps, which are sold and installed both as original equipment in suntanning beds and booths, and as replacement lamps marketed to tanning salon owners. Cosmedico introduced the VHR lamp in the early 1990's and its companion VLR product in late 1997. Cosmedico has invested heavily in promoting the VHR and VLR lamps, and has become the market leader in this aspect of its business. The United States Patent and Trademark office granted Cosmedico a federal trademark registration for its VHR mark in 1997.

LSI and Tan Systems named their knock-offs "THR" and "TLR," recognizing that the bulk of their target market consists of Mom-and-Pop salons susceptible to bait-and-switch marketing of sound-alike products. The infringing THR and TLR lamps are intended to be installed into the same applications as the genuine Cosmedico VHR and VLR lamps, but vary in quality and fail to meet FDA requirements for compatibility with the Cosmedico products.

CLE - 890721.1

Following a series of correspondence among the parties, Light Sources and Tan Systems filed their complaint in the underlying Connecticut action in 2003. Copies of the subsequent amended complaint and Cosmedico's answer and counterclaims, which together define the issues in suit, are attached at Tabs C and D, respectively. Discovery in the underlying action is on-going.

B.   The Witness' Relation to the Action

The subpoenaed party, David V. Myers, is now a principal of Ultraviolet Resources International, Inc. ("URI") located in this District in Brookpark, Ohio. However, for many years Mr. Myers was an officer of LSI, ultimately serving as its Vice President during the period relevant to the lawsuit. Like Tan Systems, URI distributes the products of both Cosmedico and LSI to its tanning salon customers.

While with LSI, Mr. Myers was a direct actor in many of the facts central to the dispute now being litigated in Connecticut. For example, Cosmedico is informed that Mr. Myers was personally involved in a meeting in late 2001 with the principal of Tan Systems, at which the decision was made to create and market the infringing THR and TLR products. Previously, Mr. Myers had been actively involved in LSI's formal opposition prosecuted in the United States Patent and Trademark Office against Cosmedico's trademark registration application for the VHR mark. Prior to leaving LSI, Mr. Myers corresponded directly with Cosmedico's attorney regarding the dispute now in litigation. He was also personally involved in LSI's efforts to attack Cosmedico's family of trademarks (many of Cosmedico's products are marketed with brand names sharing the common word root "Cosmo-"), by fraudulently seeking registration for LSI of the mark "CosmoTan." Mr. Myers also executed a declaration in the Connecticut litigation on behalf of LSI. There is no question but that Mr. Myers is an important witness

3

regarding the issues in suit in Connecticut, as evidenced by LSI's extraordinary efforts to delay and suppress his deposition and related document production.

C. The Documents Requested in the Subpoena

A copy of the subpoena, including its accompanying document production request, as served upon Mr. Myers is attached at Tab A. The requests are directed to the issues in suit among the parties in Connecticut, as well as to particular issues of credibility relevant to this important witness. The requests were provided to Mr. Myers informally in early April, 2005, even before formal service of the subpoena was made. On May 3, 2005, just days before the scheduled document production and deposition dates, Mr. Myers' attorney (who also represents LSI in the Connecticut litigation) served written objections to the document requests, refusing to produce even a single page in response to the subpoena.

D. What's Really Going On Here?

Light Sources is taking desperate measures to prevent the deposition of Mr. Myers, and the production of his relevant documents, from proceeding. At the same time that LSI's attorney served his objections to the document requests on Mr. Myers' behalf, LSI entered the appearance of its trial counsel[2] in the underlying Connecticut Action, simultaneously filing a motion in the Connecticut court for a protective order seeking to postpone the Myers deposition for at least six weeks of the then-remaining 8 weeks of the discovery period based solely on the new attorney's supposed unavailability to attend this deposition. In the Connecticut court, LSI offers no explanation as to why its present counsel of record is able to represent Mr. Myers here personally

---

[2] LSI's trial counsel, Mr. Hugh Keefe, has represented LSI in the past with regard to, e.g., LSI's liability for hazardous waste pollution at one of its Connecticut facilities. *Roque v. Light Sources, Inc.*, 2003 WL 21185683 (Conn. Super.). Attached as Exhibit H. His appearance at this juncture, when substantial discovery remains to be taken and all such discovery to date has been taken by LSI's original attorney of record, appears to be more than a coincidence of timing.

4

CLE - 890721.1

with regard to the subpoena, but that new counsel is required in order to represent LSI at the very same deposition. Clearly, LSI intends to make Cosmedico "jump through all the hoops" in order to accomplish this legitimate pre-trial discovery, thereby necessitating this motion.

## II. Cosmedico Has Properly Requested Production of Documents Relevant to Issues in Suit in the Connecticut Action

The document requests served upon Mr. Myers with the subpoena are directed both to the issues in suit and to particular issues that bear upon Mr. Myers' credibility as a declarant and potential trial witness in the underlying action. There are ten separate document requests.

Cosmedico's first document request to Mr. Myers seeks production of information pertaining to Mr. Myers' personal financial interest in LSI (and LSI's financial control over his present company) as an indication of potential bias in his testimony:

> 1. All documents and things pertaining to every contractual obligation between you and Light Sources, including but not limited to all documents pertaining to any past or present ownership interest (including options to acquire stock) you have, or had, in Light Sources, Inc., any past or present ownership interest (including options to acquire stock) Light Sources, Inc. has or had in Ultraviolet Resources International, all employment contracts between you and Light Sources, and documents sufficient to identify and describe any pension or other retirement obligation of Light Sources for your benefit.

Mr. Myers' attorney objected to the first request without regard to Mr. Myers' unique standing in this matter and without indicating whether or not any documents responsive to the request exist:

> Subpoena Request # 1 is objected to as being irrelevant, immaterial, burdensome and harassing. The requested documents, if any, are not relevant to any issue raised by the pleadings. Objection is also made for the reason that Request #1 constitutes a pure fishing expedition to discover into the personal and/or private and confidential interests of persons not parties in the above dispute and which request is open ended and not limited in any way to any issues

5

> involved in the above dispute. The request is overly broad and indefinite as to time and /or subject matter that has any relevance to issues raised in the above mentioned action, and which are not calculated to lead to the discovery of any admissible evidence.

A complete copy of the letter setting forth the objections is attached at Tab B.

Cosmedico is entitled to discovery reasonably related to the claims and defenses of the parties in the underlying Connecticut action. Fed. R. Civ. P. 26(b)(1). Information regarding the credibility of a witness is discoverable impeachment evidence. *See, e.g., Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970) (information concerning credibility of deponent discoverable). Any "private and confidential" information requested from Mr. Myers will be protected by the protective order entered by the Connecticut court in the underlying action. A copy of the protective order is attached at Tab E. Accordingly, the objections are not well-founded, and Mr. Myers should be directed to produce documents responsive to the request.

Cosmedico's second request to Mr. Myers is directed squarely to his involvement with the parties to the underlying litigation:

> 2. All correspondence and other communications between you and any representative of Tan Systems, or Light Sources, including but not limited to Kristin (Tiffany) Crumpler, Christian Sauska, and counsel for any of the foregoing persons and entities, regarding Cosmedico Light, Inc.

Again, Mr. Myers' attorney has interposed a blanket objection, without addressing the extent (if any) to which Mr. Myers would be burdened by responding to the request or, indeed, whether responsive documents even exist:

> Request # 2 is objected to as being overly broad and not limited in time and/or subject matter. The request is objected to as being a fishing expedition to seek information not relevant and/ or material to the issues raised in the above

6

CLE - 890721.1

entitled dispute. The request is objected to as being indefinite, as the documents requested have not been sufficiently designated. The request is objected to for the reason that the documents, if any, are not within the possession, control of custody or the subpoenaed person.

The justification for Cosmedico's request is two-fold. First, to the extent that communications between Mr. Myers and either Tan Systems or LSI regarding Cosmedico are likely to involve the issues in suit, they are clearly relevant and discoverable. Moreover, to the extent that such communications reflect an atmosphere of animosity toward Cosmedico, they are relevant to Mr. Myers' credibility as a declarant and potential trial witness in the Connecticut action. The objections are not well-founded, and Mr. Myers should be directed to comply with the document request.

Cosmedico's third document request is even more narrowly focused on communications to and from Mr. Myers pertaining to the underlying Connecticut litigation:

> 3. All correspondence and other communications between you and any representative of Tan Systems or Light Sources, including but not limited to Kristin (Tiffany) Crumpler, Christian Sauska, and counsel for any of the foregoing persons and entities, regarding the civil litigation matter pending among Light Sources, Tan Systems, and Cosmedico Light, Inc., pending in the District of Connecticut and further described in the caption of this subpoena.

Incredibly, Mr. Myers' counsel finds this request too confusing to permit a substantive response:

> Request # 3 is objected to as being vague, ambiguous, overly broad, and unduly harassing. The request is not sufficiently specific, not limited in time and/or subject matter. Until the request is rendered more specific, it cannot be ascertained whether or not a properly designated requested document is privileged or not. The request is also ambiguous in that the request is not limited in any way to any issue raised in the pleadings of the above action, nor does the request differentiate between strictly personal or business communications.

This objection is baseless, and Mr. Myers should be directed to produce responsive documents.

CLE - 890721.1

Cosmedico's fourth document request asks Mr. Myers to produce information pertaining to the adoption of the infringing trademarks involved in the underlying Connecticut litigation:

> 4. All documents and things that relate, refer or pertain to the adoption and/or use of the marks "THR" and "TLR" by Light Sources and Tan Systems in connection with suntanning lamps and other products.

Mr. Myers' objection to this request ignores the fact that it goes to the very heart of the underlying Connecticut trademark infringement litigation:

> Request # 4 is objected to as immaterial and irrelevant, and overly broad and not limited in time or to the specific products involved in the above entitled dispute. Objection is also made for the reason that such document, if any, are not within the possession, custody or control of the subpoenaed witness.

Again, this objection is utterly baseless and should be overruled.

Cosmedico's fifth document request relates more generally to Mr. Myers' involvement in a broader attack upon Cosmedico and its trademark rights:

> 5. All documents and things that pertain to the registration of the alleged trademark "CosmoTan" by Light Sources.

Mr. Myers' objection to this request is founded in the fact that the requested information is *also* relevant to another action pending between Cosmedico and Light Sources:

> Request # 5 is objected to as being totally irrelevant and immaterial to any issue raised by the pleadings in the above identified action. Objection is also made on the grounds that the trademark "CosmoTan" has been made the subject of another pending litigation instituted by Cosmedico in the U.S. District Court of Massachusetts in which the pleadings have not been closed and in which the discovery period has not been commenced. Objection is also made on the grounds that Cosmedico is abusing the judicial process by attempting to seek discovery into matters or information that is solely relevant in another litigation that is pending in another forum, and not relevant to any issue in the above entitled present action. Objection is also made on the grounds that the requested

CLE - 890721.1

documents are publicly available and are equally accessible to Cosmedico as they are to the subpoenaed recipient.

The requests documents are relevant in a number of different respects. First, as indicated above, Cosmedico believes that LSI participated in and fostered the acts of trademark infringement pleaded in the Connecticut litigation as part of a broader scheme to devalue all of Cosmedico's trademarks and intellectual property for its own competitive advantage. A further aspect of this scheme involves the fraudulent procurement by LSI of a trademark intentionally and confusingly similar to Cosmedico's family of "Cosmo-" word root marks.[3] The motive and intent of LSI in carrying out this scheme is relevant to issues in dispute in Connecticut, including Cosmedico's request for an award of enhanced damages and attorneys fees based on LSI's willful infringement of Cosmedico's trademarks. Cosmedico's request is far from being a baseless fishing expedition. Mr. Myers himself signed the application, including a declaration to the United States Patent and Trademark Office averring that LSI had a *bona fide* intention to use the "CosmoTan" mark in commerce. A copy of the declaration is attached at Tab F. He also represented LSI in an interview with the trademark examiner pertaining to the application. The requested "CosmoTan" documents are also, of course, directly relevant to Mr. Myers' credibility.

Cosmedico's sixth document request to Mr. Myers seeks production of information pertaining to the "compatibility" of LSI suntanning lamps to those of Cosmedico:

> 6. All documents that relate, refer or pertain to the compatibility, within the meaning of the regulations promulgated by the United States Food and Drug Administration, of Light Sources suntanning lamps to those of Cosmedico Light, Inc.

---

[3] The fraudulent "CosmoTan" registration is indeed the subject of a separate action recently filed by Cosmedico in the District of Massachusetts. The fraudulent registration was not discovered by Cosmedico until after the pleadings in the Connecticut action had closed; otherwise, the claim would have been brought in the Connecticut litigation.

9

CLE - 890721.1

Mr. Myers objects that the request extends to lamps other than those involved in the Connecticut litigation:

> Request # 6 is objected to on the grounds that the request is unduly broad, immaterial, irrelevant and not limited to any specific lamp which is rendered the subject of the instant dispute. The request is also objected to as burdensome and oppressive, and that the requested information is not in the control, custody or possession of the deponent.

Once again, however, Mr. Myers' attorney ignores the fact that "compatibility" (an FDA-defined standard for assuring that the physical and spectral properties of comparable suntanning lamps are sufficiently similar to protect users from unexpected effects) is a central issue in the Connecticut litigation.[4] Production of responsive documents should not be limited to the specific lamps in suit because, to the extent that Mr. Myers and LSI were aware that LSI lamps alleged to be compatible to Cosmedico products were not in fact within the specifications required by the FDA regulations, their conduct bears upon their credibility.

Cosmedico's seventh document request to Mr. Myers requests production of information relevant to LSI's allegation in the Connecticut litigation that Cosmedico has tolerated the unauthorized use by third parties of the VHR and VLR trademarks in suit:

> 7. All documents and things that relate, refer or pertain to the use in commerce by any person or entity other than Cosmedico Light, Inc., of the designations "VHR" or "VLR" in connection with suntanning lamps or other suntanning products or services.

Mr. Myers' objection is limited to the possibility that *similar* information may already have been produced by the parties in the course of discovery in the Connecticut action:

---

[4] In fact, Mr. Myers' attorney just completed a third party deposition in the Connecticut litigation in which LSI specifically demanded third party testimony from Cosmedico's lamp manufacturer regarding compatibility issues. A copy of the subpoena listing the topics of deposition of the third party is attached at Tab G.

> Request # 7 is objected to as burdensome, harassing and duplicit, as sufficient number of such documents have already been produced by the respective parties to the above action. However, in the event the subpoenaed witness is personally aware of any such document not already produced and in the possession of the subpoenaed witness, they will be produced.

This objection is an insufficient defense to the obligation to comply with the subpoena. Mr. Myers has provided no explanation of how production of the requested information would be burdensome and, thus, has given the Court no means for weighing the alleged burden against the obvious relevance of the requested information to the issues in suit. Moreover, despite the suggestion that "nonduplicit" documents might be produced, there has been no indication from Mr. Myers or his attorney that a search for such materials has even been attempted.

Cosmedico's eighth request seeks production of information pertaining to LSI's formal opposition in the United States Patent and Trademark Office to Cosmedico's registration of the VHR trademark:

> 8. All documents and things that relate, refer or pertain to the opposition filed by Light Sources in the United States Patent and Trademark Office to the application of Cosmedico Light, Inc. for registration of the trademark "VHR."

Mr. Myers' objection incorrectly presumes that the request is limited to the public file of the trademark opposition proceeding:

> Request # 8 is objected to as burdensome, harassing and duplicit, as the requested documents have already been produced in the above action. Further objection is made on the ground that the requested documents are publicly available and that they are equally accessible to Cosmedico as they are to the subpoenaed recipient.

The opposition proceeding is relevant to the underlying Connecticut litigation because LSI voluntarily dismissed its opposition with prejudice, creating a claim preclusion. Thus, this

11

objection is plainly baseless. Mr. Myers should be directed to produce any and all documents in his possession pertaining to the opposition.

Cosmedico's ninth request pertains to actual confusion caused by the infringing adoption by LSI and Tan Systems of the THR and TLR marks:

> 9. All documents and things that refer, relate or pertain to any evidence of confusion by any person regarding the source or origin of any suntanning product bearing the designation "THR" or "TLR."

Mr. Myers' objection is nonsensical, suggesting that since the parties to the Connecticut action have allegedly failed to identify evidence of actual confusion, then none must exist:

> Request # 9 is objected to as being duplicit as the request has previously been made by the respective parties, and the respective parties have indicated they are not aware of any documents or thing that will evidence any confusion, nor is the person on whom the subpoena was served aware of any instance of any type of confusion, either actual of likelihood thereof.

If Mr. Myers has evidence of actual confusion, he should produce it. If he does not have evidence of such confusion, he need only say so in a substantive response.

Cosmedico's final document request to Mr. Myers requests a summary accounting of Mr. Myers' company's present inventory of Cosmedico products:

> 10. Documents sufficient to identify the present inventory of Cosmedico products held for sale by Ultraviolet Resources International.

Mr. Myers responds with a veritable laundry basket of stock objections to this request:

> Request # 10 is objected to as irrelevant, immaterial, burdensome and harassing. URI's present inventory, if any, of Cosmedico products is totally irrelevant to any issue raised by the pleadings. Ultraviolet Resource International (URI) business is selling various sun tanning products to the consuming public. The request is further objected to as it is not limited in time and/or to any specific products in the above suit. Objection is also made to this request on the grounds that it is directed to confidential business information that has no relevancy to any

issue raised in the above dispute, and is not likely to lead to any admissible evidence. Objection is also made on the grounds that Cosmedico is grossly abusing the judicial discovery process and totally disregarding the rules relating thereto for the sole purposes of harassing and the imposing of undue expense on deponent. Objection is also made on the grounds that the requested documents, if any, are not within the personal possession, custody or control of the subpoenaed witness.

The request should be enforced for several reasons. Mr. Myers' company, URI, offers Cosmedico products for sale even though Cosmedico no longer deals directly with URI. Cosmedico is entitled to inquire of Mr. Myers as to the market reputation that motivates URI to offer Cosmedico's goods for sale. It is the market strength and goodwill inherent in the Cosmedico name and trademarks, after all, that is alleged in the Connecticut litigation to have been violated by LSI and Tan Systems. Moreover, Mr. Myers fails to specify what undue burden or expense he would incur in responding to the request when, in the virtually the same breath, he suggests that any responsive documents would be outside his possession, custody or control (casting doubt on the validity of that objection as well). Any confidential business information contained in the requested documents would, of course, be protected under the terms of the protective order.

Good cause exists for each of Cosmedico's ten document requests to Mr. Myers.

### III. Thorough Discovery From this Important Witness is Required Because He is Likely to be Unavailable at Trial

Clearly, Mr. Myers is an important witness with respect to many of the issues central to the Connecticut litigation. However, because he now resides beyond the subpoena power of that Court, it is unlikely that Cosmedico could compel his appearance at trial. Accordingly, Cosmedico must obtain its evidence from Mr. Myers through the present subpoena.

13

As noted above, Mr. Myers is understood to have direct, personal knowledge with regard to relevant issues spanning his many years with LSI, ranging from his involvement in the trademark office opposition proceeding in 1997, to the decision to create the infringing knock-off products in late 2001, to LSI's predatory and fraudulent registration of the "CosmoTan" mark in 2002, through the correspondence which led to the filing of the Connecticut litigation in 2003.

The breadth of Mr. Myers' knowledge, coupled with LSI's demonstrated determination to obstruct the taking of this important discovery, strongly suggests that a single day of seven hours will be insufficient to complete Mr. Myers' deposition. Accordingly, pursuant to Fed. R. Civ. P. 30(d)(2), Cosmedico requests that this Court order Mr. Myers to appear for up to ten hours of deposition.

## IV. Conclusion: Cosmedico's Requested Discovery is Fully Justified Under the Circumstances of the Underlying Case

For the reasons stated herein, Cosmedico respectfully requests that this honorable Court enter an Order compelling the subpoenaed witness, David V. Myers, to produce forthwith all documents within his possession, custody or control responsive to the requests served with the subpoena and, further, that Mr. Myers be ordered to appear for deposition for a duration of up to ten hours.

Respectfully submitted,

*[signature]*

| | |
|---|---|
| OF COUNSEL: | Michael J. Garvin (0025394) |
| | 3300 BP Tower |
| HAHN LOESER & PARKS LLP | 200 Public Square |
| | Cleveland, Ohio 44114 |
| | Phone: (216) 621-0150 |
| | Fax: (216) 241-2824 |
| | Email: mjgarvin@hahnlaw.com |

Dale A. Malone (ct025020)
BANNER & WITCOFF, Ltd.
28 State Street
Boston, Massachusetts 02109
Phone: (617) 720-9600
Fax: (617) 720-9601
Email: DMalone@bannerwitcoff.com

Attorneys for Defendant
Cosmedico Light, Inc.

CLE - 890721.1

## Certificate of Service

I hereby certify that a copy of the foregoing document has been served by first class U.S. mail, postage prepaid, this 17th day of May 2005, on plaintiffs' counsel of record as follows:

Arthur T. Fattibene
Fattibene & Fattibene
2480 Post Road
Southport, CT 06890

Cynthia L. Counts
Counts & Associates
1384 Lanier Place
Atlanta, GA 30306

Hugh F. Keefe
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06506-1612

_____
Michael J. Garvin
One of the attorneys for Cosmedico Light, Inc.

CLE - 890721.1