**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Light Sources, Inc., et al., | ) | **CASE NO.  05 MC 0043** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Cosmedico Light, Inc., | ) | **Memorandum of Opinion & Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant Cosmedico Light, Inc.'s Motion to Compel Witness to Comply with Subpoena Duces Tecum (Doc. 1). This is a miscellaneous action seeking enforcement of a Fed. R. Civ. Proc. 45 subpoena to a non-party witness. The issues presently before the Court are whether (1) non-party witness, David V. Myers, should be ordered to produce certain documents requested in the subpoena at issue; and (2) Mr. Myers' deposition should be enlarged from seven to ten hours. For the following reasons, defendant Cosmedico's Motion is granted in part and denied in part.

1

**Facts**

The instant action arises out of a trademark infringement suit filed in the United States District Court for the District of Connecticut. Therein, the parties allege the following facts relevant to the instant Motion.

Plaintiff Light Sources, Inc. ("LSI") develops, manufactures and sells various types of ultraviolet and fluorescent lamps, including fluorescent suntanning lamps. (Second Am. Complt. at ¶ 8). Plaintiff LSI developed a specialized fluorescent tanning lamp, which it manufactures exclusively as an "original equipment manufacturer" (or "OEM") product for plaintiff Tan Systems, Inc. (Second Am. Complt. at ¶ 9). Plaintiff Tan Systems, Inc. is LSI's exclusive distributor of this specialized tanning lamp. (Second Am. Complt. at ¶ 10).

Imprinted on LSI's specialized tanning lamps are one of two model numbers: FR71T12-TLR 100 or FR71T12– THR 160. (Second Am. Complt. at ¶12). The phrase "TLR 100" is an identifying code to describe a low output (100 watts) lamp, while the phrase "THR 160" identifies a high output (160 watts) lamp. (Second Am. Complt. at ¶ 13). Both of these lamps are sold exclusively by LSI to Tan Systems. (Second Am. Complt. at ¶ 13).

Defendant Cosmedico is in the business of developing, marketing and selling fluorescent sun lamps, and is a competitor of plaintiff LSI. (Answer and Counterclaims at ¶ 83). Among Cosmedico's product lines is a range of bulbs sold, marketed and distributed under the federally registered trademark VHR. (Answer and Counterclaims at ¶ 84). This mark is used in connection with Cosmedico's 160 watt fluorescent ultraviolet reflector lamp. (Answer and Counterclaims at ¶ 84). Cosmedico also sells, markets and distributes another line of suntanning lamps under the federally registered trademark Cosmolux VLR. (Answer and Counterclaims at ¶

2

85). Cosmedico uses this mark to designate its 100 watt fluorescent ultraviolet reflector lamps. (Answer and Counterclaims at ¶ 85).

Between February 10, 2003 and May 7, 2003, Cosmedico sent four cease and desist letters to plaintiffs, asserting that their use of the "TLR 100" and "THR 160" identifying codes infringes Cosmedico's VHR and Cosmolux VLR trademarks. (Second Am. Complt. at ¶ 19).

Plaintiffs LSI and Tan Systems thereafter filed suit in the United States District Court for the District of Connecticut. Plaintiffs' Second Amended Complaint alleges the following six counts. Count One seeks a declaration of non-infringement with respect to Cosmedico's VHR mark, as well as a declaration that Cosmedico's VHR mark is invalid and/or unenforceable. Count Two seek cancellation of Cosmedico's federal trademark registration for its VHR mark. Count Three seeks a declaration of non-infringement with respect to Cosmedico's VLR mark, and a declaration that Cosmedico does not have any common law trademark rights in and to the VLR mark. Count Four alleges unfair competition under the Lanham Act. Count Five seeks a declaration that Cosmedico's VHR mark was fraudulently obtained because of inequitable conduct, and a finding that said mark is unenforceable. Count Six alleges unfair competition and unfair and deceptive acts or practices under Connecticut law.

Cosmedico filed its Answer and Counterclaims on January 19, 2004. Therein, Cosmedico asserts five counterclaims against plaintiffs LSI and Tan Systems. Counterclaims One, Two and Three assert trademark infringement, false designation of origin and trademark dilution (respectively) under the Lanham Act with respect to plaintiffs' use of the THR and TLR identification codes. Counterclaim Four asserts trademark infringement under common law. Counterclaim Five asserts unfair competition under Connecticut law.

3

The parties subsequently filed motions for partial summary judgment in the District Court for the District of Connecticut.[1]  On March 4, 2005, the District Court for the District of Connecticut issued a Ruling and Order, which (1) granted summary judgment in plaintiffs' favor with respect to Counterclaim Five (i.e., unfair competition under state law); and (2) granted summary judgment in defendant Cosmedico's favor with respect to Count Five of plaintiffs' Second Amended Complaint (i.e., declaration that the VHR mark was fraudulently obtained) as to plaintiff LSI only.  In all other respects, plaintiffs' and defendant's summary judgment motions were denied.[2]

Subsequently, on April 20, 2005, Cosmedico issued a subpoena to David Myers,[3] seeking his deposition and the production of certain documents.  According to Cosmedico, Mr. Myers was an officer of LSI for many years, ultimately serving as Vice President during the time period

---

[1]  Plaintiffs sought summary judgment with respect to Count One of the Second Amended Complaint, and Counterclaims One, Two, Four and Five.  Defendant sought summary judgment with respect to Counts One, Two and Five of the Second Amended Complaint.

[2]  In this Order, the district court (Judge Mark Kravitz) also ruled on various discovery motions filed by the parties.  Therein, the court notes: "Turning now to the discovery motions pending in this case, the Court notes at the outset that this case is heading for trial on most of the claims and counterclaims asserted by both parties. . . Discovery shall be opened from March 1, 2005 until July 1, 2005 for the purpose of any party conducting any further discovery in support or defense of any claims or counterclaims asserted in this action. The parties are advised that no extensions of this supplemental discovery period will be granted, except for truly extraordinary unforseen circumstances.  Parties must take all remaining depositions and produce all remaining documents within this extended discovery period." (Ruling and Order at 13-14).

[3]  The subpoena was mistakenly issued to David N. Myers.  In fact, the witness in question is David V. Myers.  Counsel for Mr. Myers pointed out this error in his objections to the subpoena, but nevertheless responded as if it had been intended to be served upon David V. Myers.

4

relevant to the underlying suit.  Cosmedico further alleges the following regarding Mr. Myers'

importance as a witness:

> While with LSI, Mr. Myers was a direct actor in many of the facts central to the dispute
> now being litigated in Connecticut.  For example, Cosmedico is informed that Mr. Myers
> was personally involved in a meeting in late 2001 with the principal of Tan Systems, at
> which the decision was made to create and market the infringing THR and TLR products.
> Previously, Mr. Myers had been actively involved in LSI's formal opposition prosecuted
> in the United States Patent and Trademark Office against Cosmedicos' trademark
> registration application for the VHR mark.  Prior to leaving LSI, Mr. Myers corresponded
> directly with Cosmedico's attorney regarding the dispute now in litigation. He was also
> personally involved in LSI's efforts to attack Cosmedico's family of trademarks . . . by
> fraudulently seeking registration for LSI of the mark "CosmoTan."  Mr. Myers also
> executed a declaration in the Connecticut litigation on behalf of LSI.

Motion to Compel at 3.

On May 3, 2004, Mr. Myers' attorney faxed objections regarding the subpoena to counsel

for Cosmedico.  Cosmedico thereafter filed the instant Motion to Compel on May 17, 2005.

### Standard of Review

Fed. R. Civ. Proc. 45 governs the issuance of subpoenas for the giving of deposition and

trial testimony, and the production of documents.  Pursuant to this Rule, "[a] party or an attorney

responsible for the issuance and service of a subpoena shall take reasonable steps to avoid

imposing undue burden or expense on a person subject to that subpoena." *See* Rule 45(c)(1).

The Rule further provides, in part, that a district court (1) shall quash or modify a subpoena if it

"subjects a person to undue burden," and (2) may quash or modify a subpoena if it requires

disclosure of a trade secret or other confidential research, development, or commercial

information. *See* Rule 45(c)(3)(A)(iv) and (B)(i).  In the latter case, a court may order

appearance or production upon specified conditions "if the party in whose behalf the subpoena is

issued shows a substantial need for the testimony or material that cannot be otherwise met

5

without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated." *See* Rule 45(c)(B).

Whether a subpoena imposes an "undue burden" upon a witness is a case specific inquiry that turns on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *American Electric Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996)). "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure." *Id. See also Katz v. Batavia Marine & Sporting Supplies*, 984 F.2d 422, 424 (Fed. Cir. 1993).

The party seeking discovery bears the burden of demonstrating relevance. *American Electric Power*, 191 F.R.D. at 136. "The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court." *Concord Boat Corp.*, 169 F.R.D. at 49. *See also* 9A Wright & Miller, Federal Practice & Procedure, § 2463.

**Discussion**

In its Motion to Compel, defendant Cosmedico seeks an Order (1) requiring Mr. Myers to produce documents responsive to the ten document requests set forth in the April 20, 2005 subpoena, and (2) enlarging the time for Mr. Myers' deposition from seven to ten hours.

Prior to addressing the merits of defendant's Motion, the Court will first address two preliminary arguments raised by Mr. Myers. First, Mr. Myers argues that Cosmedico's Motion to Compel is not ripe for consideration because Cosmedico failed to attempt to resolve the

6

instant discovery dispute prior to filing its motion. Specifically, Mr. Myers notes that he served

objections to the subpoena on May 3, 2005 but that Cosmedico thereafter failed to contact him to

discuss the objections. Rather, Cosmedico proceeded directly to filing its Motion to Compel on

May 17, 2005, without first undertaking any good faith effort to resolve the dispute pursuant to

this Court's Local Rule 37.1.

Cosmedico essentially argues that it would have been fruitless to even attempt to resolve

the instant discovery dispute in light of Mr. Myers' "absolute refusal" to produce any documents

in response to the subpoena and his "dogged campaign to oppose every effort of Cosmedico to

take legitimate discovery and prepare for the trial of this action." (Reply Brief at 2-3).

The Court rejects Mr. Myers' argument for the following reasons. As noted *supra*, the

July 1, 2005 supplemental discovery deadline set by the Connecticut district court has already

passed and the underlying action is headed to trial. In order to avoid any further delay, the

Court will reach the merits of the instant Motion despite Cosmedico's failure to abide by Local

Rule 37.1's requirement that counsel engage in a good faith effort to resolve all discovery

disputes prior to filing a motion to compel. Should any future discovery disputes arise in this

District, however, the Court reminds Cosmedico that it is obligated to follow the requirements of

Local Rule 37.1, regardless of its own assessment of the futility of doing so.

Mr. Myers next argues that many of the documents requested in the April 20, 2005

subpoena are confidential and sensitive business documents of Mr. Myers' company, Ultraviolet

Resources, Inc. ("URI"). While Myers notes that defendant has entered into a Protective Order

with plaintiffs LSI and Tan Systems, he emphasizes that neither Mr. Myers nor URI have entered

into any such agreement. In order to protect Mr. Myers and URI's confidential business

7

documents, Mr. Myers argues that a separate Protective Order between himself and Cosmedico must be entered before this Court orders him to produce any documents in response to the subpoena at issue.

Cosmedico argues that this argument should be rejected because, by its express terms, the Protective Order entered by the Connecticut District Court (attached as Exh. E to Cosmedico's Motion to Compel) applies equally to non-parties.

The Court agrees with Cosmedico. The "Stipulated Protective Order and Confidentiality Agreement" entered by Judge Kravitz in the Connecticut litigation expressly provides that "[a]ny party to this action, **and any non-party from whom discovery is sought in connection with this action**, may designate as 'HIGHLY CONFIDENTIAL- ATTORNEY EYES ONLY' or 'CONFIDENTIAL' Information and Materials that contain confidential information." *See* Stip. Protective Order at ¶ 2 (emphasis added). *See also* Stip. Protective Order at ¶ 4 (stating that "'HIGHLY CONFIDENTIAL- ATTORNEY EYES ONLY' and 'CONFIDENTIAL' material, as used in this Protective Order and Agreement, shall refer to any so designated Information and Materials and all copies thereof, whether produced by a party **or non-party**"). Moreover, Cosmedico itself argues that the Protective Order applies with equal force to Mr. Myers, and that any confidential material produced by him in response to the subpoena would be protected thereunder. In light of the above, the Court rejects Mr. Myers' argument that he should not be ordered to produce any documents until a separate Protective Order between himself and Cosmedico is entered.

The Court will now address the substance of Cosmedico's Motion to Compel, beginning with the ten document requests set forth in the subpoena at issue.

8

## I.   Document Requests

Document Request No. 1 seeks information pertaining to Mr. Myers' financial interest in

plaintiff LSI, as follows:

1.      All documents and things pertaining to every contractual obligation between you and [LSI], including but not limited to all documents pertaining to any past or present ownership interest (including options to acquire stock) you have, or had, in [LSI], any past or present ownership interest (including options to acquire stock) [LSI] has or had in Ultraviolet Resources International, all employment contracts between you and [LSI], and documents sufficient to identify and describe any pension or other retirement obligation of [LSI] for your benefit.

April 20, 2005 Subpoena at Doc. Request No. 1.

Mr. Myers objected on the grounds that the above request is "irrelevant, immaterial,

burdensome and harassing." Specifically, Mr. Myers argued that Request No. 1 is a "pure

fishing expedition" into his private and confidential business interests and overly broad as to

time and/or subject matter.

Cosmedico argues that information concerning Mr. Myers' financial interest in LSI is

relevant as it goes to his credibility as a witness. Specifically, Cosmedico states that it has

"reason to believe" that LSI "may have provided, either directly or indirectly, some or all of the

capital used by Mr. Myers to acquire his present interest in URI." (Reply Brief at 4). With

regard to Myers' concerns over the overbreadth of the request, Cosmedico states only that "Mr.

Myers' departure from Light Sources and his acquisition of an interest in URI occurred only

within the past few years." (Reply Brief at 5). Lastly, Cosmedico maintains that any

private/confidential material would be protected by the Stipulated Protective Order entered in the

underlying litigation.

The Court denies Cosmedico's motion to compel with respect to Document Request No.

9

1. As drafted, this Request is entirely overbroad, both as to time and subject matter. Although Cosmedico's Reply Brief suggests that it is seeking documents regarding the time period subsequent to Mr. Myers' departure from LSI, the Request is not drafted toward this time frame. To the contrary, as drafted, the Request spans the entire time period that Mr. Myers was employed by LSI, as well as the years since his departure, and encompasses a vast array of contractual documents covering every aspect of his employment relationship with LSI. Moreover, although credibility of a witness is always relevant, the Court notes that Cosmedico has not come forward with any evidence indicating that this information could not be obtained through questioning Mr. Myers in deposition.

Accordingly, the Court denies Cosmedico's motion to compel with regard to Request No. 1.

Document Request No. 2 seeks the following information:

2.  All correspondence and other communications between you and any representative of Tan Systems, or Light Sources, including but not limited to Kristin (Tiffany) Crumpler, Christian Sauska, and counsel for any of the foregoing persons and entities, regarding Cosmedico Light, Inc.

April 20, 2005 Subpoena at Doc. Request No. 2.

Mr. Myers objected on the grounds that the above request is (1) overly broad and not limited in time and/or subject matter; (2) a fishing expedition to seek information that is irrelevant and immaterial; and (3) indefinite, "as the documents requested have not been sufficiently designated." Lastly, Mr. Myers objected on the grounds that "the documents, if any, are not within the possession, control or custody of the subpoenaed person."

Cosmedico argues that the information requested is relevant for two reasons. First, it maintains that "to the extent that communications between Mr. Myers and [plaintiffs] regarding

10

Cosmedico are likely to involve the issues in suit, they are clearly relevant." Second, it argues that such communications are relevant to the extent they "reflect an atmosphere of animosity toward Cosmedico," as such communications would reflect upon Mr. Myers' credibility.

Given Mr. Myers' employment with LSI and alleged involvement in events relating to the underlying trademark infringement action at issue herein, the Court grants Cosmedico's motion with respect to Request No. 2, but limits that Request to correspondence and other communications between Mr. Myers and plaintiffs that relate to the claims and defenses at issue in the underlying Connecticut litigation.

In Document Request No. 3, Cosmedico seeks the following information:

3       All correspondence and other communications between you and any
        representative of [plaintiffs], including but not limited to Kristin (Tiffany)
        Crumpler, Christian Sauska, and counsel for any of the foregoing persons and
        entities, regarding the civil litigation matter pending among Light Sources, Tan
        Systems, and Cosmedico Light, Inc., pending in the District of Connecticut and
        further described in the caption of this subpoena.

April 20, 2005 Subpoena at Doc. Request No. 3.

Mr. Myers objected on the grounds that the above Request is "vague, ambiguous, overly broad, and unduly harassing." Specifically, Mr. Myers argued that the Request was not sufficiently specific as to either time and/or subject matter and, therefore, "it cannot be ascertained whether or not a properly designated requested document is privileged or not." Moreover, Mr. Myers objected on the grounds that the request failed to differentiate between strictly personal or business communications.

The Court grants Cosmedico's motion to compel with respect to Document Request No. 3. The Request is narrowly tailored and specific, in that it encompasses only correspondence relating to the underlying Connecticut litigation. To the extent Mr. Myers believes certain

11

responsive documents are privileged, he is entitled to designate them as such in accordance with Fed. R. Civ. Proc. 45. *See* Fed. R. Civ. Proc. 45(d)(1) (providing that "[w]hen information subject to a subpoena is withheld on a claim that it is privileged . . . , the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim").

Document Request No. 4 seeks information relating to the adoption of the infringing trademarks at issue in the underlying Connecticut litigation:

> 4.    All documents and things that relate, refer or pertain to the adoption and/or use of the marks "THR" and "TLR" by Light Sources and Tan Systems in connection with suntanning lamps and other products.

April 20, 2005 Subpoena at Doc. Request No. 4.

Mr. Myers objected on the grounds that the above Request is "immaterial and irrelevant, and overly broad and not limited in time or to the specific products involved in the above entitled dispute." Moreover, Mr. Myers objected on the grounds that the documents, if any, were not within his possession, custody or control. Specifically, Mr. Myers argues that "Cosmedico has not presented any facts that would indicate that these business records of Light Sources and Tan Systems could not be obtained from Light Sources and Tan Systems through the normal course of discovery." (Brief in Opp. at 7).

In response, Cosmedico states that it has sought production of these documents from plaintiffs in the underlying litigation, but with limited success. Cosmedico notes that plaintiff Tan Systems sold its business assets and left the tanning business during the pendency of the underlying litigation, and that its principal, Kristin Crumpler, has indicated she no longer has

12

possession, custody or control of former Tan Systems documents. In addition, Cosmedico maintains that plaintiff LSI has not produced documents responsive to this request. Thus, Cosmedico maintains that Request No. 3 is not intended to be duplicative but, rather, to "fill holes left by the plaintiffs' inability or unwillingness to supply that discovery." (Reply Brief at 6).

The Court grants Cosmedico's motion to compel with respect to Request No. 4. The documents requested are clearly relevant to the claims and defenses at issue in the underlying Connecticut litigation. Moreover, given Mr. Myers' alleged employment relationship with LSI and the fact that Cosmedico has apparently been unable to obtain these documents from either of the plaintiffs, the Court orders Mr. Myers to produce responsive document to the extent that they are, in fact, within his possession, custody or control.

In Document Request No. 5, Cosmedico seeks production of "[a]ll documents and things that pertain to the registration of the alleged trademark 'CosmoTan' by Light Sources." See April 20, 2005 Subpoena at Doc. Request No. 5.

Mr. Myers objects principally on relevance grounds. Specifically, Mr. Myers argues that the "CosmoTan" mark is "totally irrelevant and immaterial" because it is not one of the marks at issue in the Connecticut litigation. In fact, Myers notes that the CosmoTan mark is actually the subject of another trademark litigation suit currently pending in the United States District Court for the District of Massachusetts, in which discovery has not yet commenced. Moreover, Mr. Myers argues that the requested documents are publicly available and "are equally accessible to Cosmedico."

In response, Cosmedico argues that the requested documents are relevant because

13

Cosmedico believes that "LSI participated in and fostered the acts of trademark infringement pleaded in the Connecticut litigation as part of a broader scheme to devalue all of Cosmedico's trademarks and intellectual property for its own competitive advantage." (Motion at 9). Cosmedico maintains that LSI's allegedly fraudulent procurement of the "CosmoTan" mark is part of this scheme and that the motive and intent of LSI in carrying out this scheme is relevant to issues in the Connecticut litigation, including the availability of enhanced damages and attorney's fees. With regard to Mr. Myers' involvement with respect to this mark, Cosmedico claims that Mr. Myers signed the application for registration of the "CosmoTan" mark and represented LSI in an interview with a trademark examiner pertaining to that application.

The Court denies Cosmedico's motion to compel with respect to Document Request No. 5. The "CosmoTan" mark is simply not at issue in the Connecticut litigation, which is clearly and specifically directed towards LSI's "TLR" and "THR" identification codes. Cosmedico's argument that the "CosmoTan" mark is relevant as it relates to LSI's alleged "broader scheme" to devalue Cosmedico's intellectual property is disingenuous, and appears to be an attempt to indirectly litigate the "CosmoTan" mark in the Connecticut litigation despite the fact that it was not pled in that case.[4]  If Cosmedico wishes to obtain discovery from Mr. Myers regarding the CosmoTan mark, the Court finds that the more appropriate course would be to subpoena him in the context of the Massachusetts litigation.

Document Request No. 6 seeks information pertaining to the compatibility of LSI lamps

---

[4]     Cosmedico in fact acknowledges it did not discover LSI's "fraudulent registration" of the "CosmoTan" mark until after the pleadings in the Connecticut action had closed, "otherwise, the claim would have been brought in the Connecticut litigation." (Motion at 9, fn. 3).

14

and Cosmedico lamps:

> 6. All documents that relate, refer or pertain to the compatibility, within the meaning of the regulations promulgated by the United States Food and Drug Administration,[5] of Light Sources suntanning lamps to those of Cosmedico Light, Inc.

April 20, 2005 Subpoena at Doc. Request No. 6.

Mr. Myers objected on the grounds that the request is "unduly broad, immaterial, irrelevant and not limited to any specific lamp which is rendered the subject of the instant dispute." In addition, Mr. Myers argued that the requested documents are not within his possession, custody or control and that this request is more appropriately addressed to plaintiff LSI.

Cosmedico maintains that documents relating to "compatibility" are directly relevant to its contention in the Connecticut litigation that the quality of the allegedly infringing LSI THR and TLR lamps is inferior to Cosmedico's lamps, and that LSI intended to pass its lamps off as "knock offs" of the "genuine Cosmedico products." (Reply Brief at 7). Moreover, Cosmedico argues that "[p]roduction of responsive documents should not be limited to the specific lamps in suit because, to the extent that Mr. Myers and LSI were aware that LSI lamps alleged to be compatible to Cosmedico products were not in fact within the specifications required by the FDA regulations, their conduct bears upon their credibility." (Motion at 10). Finally, Cosmedico emphasizes that the request is not intended to be duplicative, but rather to "address the deficiencies in the plaintiffs' production in this regard." (Reply Brief at 7).

---

[5] According to Cosmedico, "compatibility" is "an FDA- defined standard for assuring that the physical and spectral properties of comparable suntanning lamps are sufficiently similar to protect users from unexpected effects." (Motion to Compel at 10).

15

Given Mr. Myers' alleged employment relationship with LSI and the fact that Cosmedico has apparently been unable to obtain these documents from either of the plaintiffs, the Court orders Mr. Myers to produce responsive document to the extent that they are, in fact, within his possession, custody or control. However, the Court limits the request to documents pertaining to the compatibility of LSI's **THR and TLR** suntanning lamps to those of Cosmedico as those are the only lamps in dispute in the underlying Connecticut litigation.

Document Request No. 7 seeks information regarding LSI's allegation that Cosmedico has tolerated the unauthorized use by third parties of the VHR and VLR trademarks:

> 7.     All documents and things that relate, refer or pertain to the use in commerce by any person or entity other than Cosmedico Light, Inc., of the designations "VHR" or "VLR" in connection with suntanning lamps or other suntanning products or services.

April 20, 2005 Subpoena at Doc. Request No. 7.

Mr. Myers objected to this request as "burdensome, harassing and duplicit, as sufficient number of such documents have already been produced by the respective parties to the above action." In addition, Mr. Myers argues that there is no reason why he should have to answer this request and that it is more appropriately addressed to any other individuals or companies that Cosmedico believes is using the VHR and VLR designations. However, Mr. Myers' response to the subpoena goes on to state that "in the event the subpoenaed witness is personally aware of any such document not already produced and in the possession of the subpoenaed witness, they will be produced." (Exh. B to Cosmedico's Motion to Compel at 5).

Cosmedico argues that the request is relevant in light of LSI's "specious allegations that Cosmedico has permitted others to use the marks without authorization to refer to products other than those of Cosmedico." (Reply Brief at 8). In addition, Cosmedico maintains that Myers has

16

failed to provide any explanation as to how production of the requested information would be burdensome, and states that "despite the suggestion that 'nonduplicit' documents might be produced, there has been no indication from Mr. Myers or his attorney that a search for such materials has even been attempted." (Motion at 11).

The Court denies Cosmedico's motion with respect to Document Request No. 7. In his response to the subpoena, Mr. Myers specifically states that he will produce responsive documents to the extent that he is aware of them, they are in his possession, and they have not already been produced. Cosmedico's concern that Mr. Myers has not indicated that a search for materials has been conducted is without merit. The Court finds that it is implied in Mr. Myers' response that such a search has been or will be conducted. Moreover, Cosmedico has not produced any evidence suggesting that Mr. Myers will not conduct such a search. Accordingly, the Court denies Cosmedico's Motion with respect to Document Request No. 7.

Document Request No. 8 seeks information relating to LSI's formal opposition to Cosmedico's registration of the VHR trademark:

8.    All documents and things that relate, refer or pertain to the opposition filed by Light Sources in the United States Patent and Trademark Office to the application of Cosmedico Light, Inc. for registration of the trademark "VHR."

April 20, 2005 Subpoena at Doc. Request No. 8.

Mr. Myers objected to this request on the grounds that it is "burdensome, harassing and duplicit, as the requested documents have already been produced in the above action." In addition, Mr. Myers objected on the basis that the requested documents are publicly available.

Cosmedico responds that the request is not limited to the public file of the trademark opposition proceeding. In addition, Cosmedico notes that the opposition proceeding is relevant

17

to the underlying Connecticut litigation because LSI voluntarily dismissed that proceeding with prejudice, allegedly creating a claim preclusion.

The Court grants Cosmedico's Motion to Compel with respect to this request, with the limitation that Mr. Myers is not obligated to produce responsive documents that are publicly available.

Document Request No. 9 relates to the issue of actual confusion:

9.    All documents and things that refer, relate or pertain to any evidence of confusion by any person regarding the source or origin of any suntanning produce bearing the designation "THR" or "TLR."

April 20, 2005 Subpoena at Doc. Request No. 9.

Mr. Myers objected on the grounds that this request is "duplicit as the request has previously been made by the respective parties, and the respective parties have indicated they are not aware of any documents or thing that will evidence any confusion, nor is the person on whom the subpoena was served aware of any instance of any type of confusion, either actual or likelihood thereof." (Exh. B to Motion to Compel at 5-6).

Cosmedico responds only by stating that the issue is relevant and that, if Mr. Myers has responsive documents, he should produce them.

The Court denies Cosmedico's Motion with respect to Document Request No. 9. In his objections, Mr. Myers expressly states that he is not aware of any instance of confusion with regard to the marks at issue. Thus, although the information requested is relevant to the claims in dispute, the Court finds that the issue is moot as Mr. Myers has already answered the request in question.

Finally, Document Request No. 10 seeks "[d]ocuments sufficient to identify the present

18

inventory of Cosmedico products held for sale by Ultraviolet Resources International." (April 20, 2005 Subpoena at Document Request No. 10).

Mr. Myers objected on numerous grounds. Specifically, Mr. Myers argued that the request (1) is irrelevant to any issue raised by the pleadings; (2) is overbroad, in that it is not limited in time and/or subject matter; (3) is directed to confidential business information; and (4) seeks documents which are not in his possession, custody or control. In addition, Mr. Myers maintains that "Cosmedico has not provided any reason as to why its own business records cannot be searched to determine the products that were sold to Ultraviolet Resources." (Brief in Opp. at 9).

Cosmedico argues that the requested documents are relevant, explaining that it "has a legitimate need to determine the quantity and identity of the Cosmedico products being offered for sale by URI, both to verify that the products are indeed genuine Cosmedico products . . . and as an indicator of the relative importance of the Cosmedico line of products to URI's total business which, in turn, reflects upon Mr. Myers' motive, intent and credibility." (Reply at 9). In addition, Cosmedico notes that it cannot simply search its own business records since it does not sell its products directly to URI.

The Court grants Cosmedico's motion with respect to Document Request No. 10, but limits the request to documents sufficient to identify the present inventory of Cosmedico THR and TLR products, as those are the only Cosmedico products at issue in the instant case.

In conclusion, the Court notes the following. Although Cosmedico's Motion is granted with respect to certain document requests, the Court emphasizes that nothing in this Memorandum of Opinion & Order is intended to conflict with or override Judge Kravitz's

supplemental discovery deadlines, as set forth in his Order discussed *supra*. While this Court is hereby ruling on the reasonableness of Cosmedico's discovery requests, it is in no way altering Judge Kravitz's discovery schedule or otherwise ruling on the admissibility of the information requested.

## II.    Enlargement of Time for Deposition

In its Motion, Cosmedico also seeks to enlarge the time for Mr. Myers' deposition from seven to ten hours. The basis for this request is that "Mr. Myers is understood to have direct, personal knowledge with regard to relevant issues spanning his many years with LSI, ranging from his involvement in the trademark office opposition proceeding in 1997, to the decision to create the infringing knock-off products in late 2001, to LSI's predatory and fraudulent registration of the 'CosmoTan' mark in 2002, through the correspondence which led to the filing of the Connecticut litigation in 2003." (Motion at 14).  Moreover, Cosmedico notes that Mr. Myers resides beyond the subpoena power of the Connecticut District Court and, thus, his appearance could not compelled in the trial of that action. Thus, Cosmedico's only opportunity to obtain evidence from Mr. Myers is through the instant subpoena.

Mr. Myers argues that an enlargement of time is not justified because many of the requested documents are irrelevant or more properly obtained from an employee of plaintiffs LSI and/or Tan Systems.

In response, Cosmedico notes that Mr. Myers bases many of his undue burden objections on the grounds that a large volume of documents will need to be produced. Cosmedico first argues that its request for a longer deposition is bolstered by the fact that many documents may need to be reviewed and authenticated at Mr. Myers' deposition. Cosmedico then states,

however, that, in order to expedite the resolution of the instant Motion, it "is willing to defer this aspect of the present motion until the volume of document production is known." (Reply Brief at 10).

The Court will grant Cosmedico's request to enlarge the deposition from seven to ten hours, but is hopeful that this additional time will not be needed in light of this statement by Cosmedico that it is willing to defer the issue.

### Conclusion

For the reasons set forth above, Cosmedico's Motion to Compel is granted in part and denied in part. Specifically, Cosmedico's Motion to Compel is (1) denied as to Document Request Nos. 1, 5, 7, and 9; and (2) granted as to Document Request Nos. 3 and 4. In addition, the Court grants Cosmedico's Motion with respect to (1) Document Request No. 2, but limits that Request to correspondence and other communications between Mr. Myers and plaintiffs that relate to the claims and defenses at issue in the underlying Connecticut litigation; (2) Document Request No. 6, but limits that Request to documents in Mr. Myers' possession, custody or control that pertain to the compatibility of LSI's THR and TLR suntanning lamps to those of Cosmedico; (3) Document Request No. 8, with the limitation that Mr. Myers is not obligated to produce responsive documents that are publicly available; and (4) Document Request No. 10, but limits that Request to documents sufficient to identify the present inventory of Cosmedico THR and TLR products.

21

Finally, the Court grants Cosmedico's request to enlarge the time for Mr. Myers' deposition from seven to ten hours.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge